COMMERCIAL BANK vs. MAYOR, ET AL.

The bank is entitled to charge interest on the amount of its advances to the corporation, to pay interest on its bonds.

Stockholders are considered partners in trade, and when one partner fails to furnish his *quota* of the capital stock, and it is furnished by the other partners, he is chargeable for the advance, with interest.

COMMERCIAL BANK *vs.* MAYOR ET AL.

ON A RE-HEARING.

Where the corporation of New-Orleans became a stockholder by being permitted to pay its stock in its own bonds bearing an interest, payable semi-annually, it is bound for the payment of this interest as it becomes due, or to refund the bank when it *advances* funds for this object.

*Eustis*, for the defendants, urged the following considerations and grounds for a re-hearing.

1. He conceived the court had not, in its opinion just pronounced, embraced the whole merits of the case. The great importance of the question growing out of the increas-

28

EASTERN DIST.
June, 1837.

COMMERCIAL
BANK
vs.
MAYOR ET AL.

ing power and number of corporations springing up in the country, will insure the attentive consideration of the court.

2. The 21st section of the bank charter provides, that for the subscription of the corporation of New-Orleans, the bank *may receive the bonds, &c.* In the 46th section, the bank contracts for *the payment of the interest* and binds the bank as well as the obligors for the performance of this duty. It is shown *the bonds were made at the instance of the bank, and in the form prescribed by it,* as to date and all other matters of detail. By the 23d section, the bank has the control and administration of the dividends, and as the trustees or agents of the defendants, is bound to apply them to the extinction of the interest and capital of the bonds.

3. From the foregoing, might not then the bank, *having fixed the time of payment of the interest on the bonds,* also make the time of payment of the dividends simultaneous, or to correspond so that its trust should be executed faithfully, and the purposes of the 23d section fulfilled. This has not been done. The interest on the bonds is payable the 20th December and 20th June, and the dividends of the bank declared payable the second Monday in January and July. Thus the deficiency results from the act of the bank, and is of its own choice.

4. The bank took the bonds in the form *prescribed* by its own officers, and was bound so to regulate the sale and payment of interest on them, as to be met by the bank from the the dividends arising on the city stock.

This case was suspended by the application for a re-hearing from the 20th June, 1835, until the winter of 1836, when a re-hearing was granted.

At the June term, 1837, it was submitted to the court by *Mr. Conrad,* for the plaintiffs, and *Mr. Canon* on the part of the corporation, without argument.

*Bullard, J.,* delivered the opinion of the court.

In this case a re-hearing was allowed on the petition of the defendants, and we have considered and weighed the

argument addressed us in opposition to our first judgment. We have not been able to bring our minds to the conclusion that the bank was bound by the charter or by its contract with the city, to advance the interest on its bonds, and to wait for the reimbursement of that advance until a dividend should be declared. The City of New-Orleans became a stockholder, but instead of paying its subscription in money as other stockholders were bound to do, it executed its bonds in favor of the bank, payable at the expiration of forty years, and engaged to pay to the bank or its order, interest of five per cent. semi-annually. As soon as the bonds were executed and delivered, the interest began to run. The city stock was paid. The bank was authorized to negociate the bonds, but any advance which they might bring above par was to be passed to the credit of the sinking fund. If the bank, from any causes, had not been able for some years to make sufficient profits to enable it to declare a dividend, the city was nevertheless bound to pay the interest on its bonds. It is true the portion of dividends which will become due to the city is first to be applied to the payment of the interest, and the balance, if any, to be carried to the credit of the sinking fund in order to provide for the ultimate redemption of the city bonds ; but we have looked in vain in the charter for any provision imposing on the bank the onerous obligation to advance the interest when no dividends are declared. The bank may be bound to do so by virtue of its endorsement on its contract with the holders of the bonds, but neither the tenor of the bonds nor the provisions of the charter require it, as between the bank and the city.

It is, therefore, ordered, adjudged and decreed, that the judgment heretofore pronounced remain undisturbed,

EASTERN DIST.
*June*, 1837.

COMMERCIAL
BANK
*vs.*
MAYOR ET AL.

Where the corporation of NewOrleans became a stockholder, by being permitted to pay its stock in its own bonds, bearing an interest, payable semi-annually, it is bound for the payment of this interest as it becomes due, or to refund the bank when it *advances* funds for this object.